The President,
delivered the opinion of the Court.*
*161 The Court gives no opinion on the errors assigned in '.the original judgment, as in Edmonds v. Green, 1 Rand. 44; but concur in the opinion, that the confessing of the judgment on the forthcoming bond was a release of errors, if any, in the original judgment, as well as in the judgmerit on the forthcoming bond.
The motion was denied.*

 Judge Cabeee, absent.

 Note. Judge Coalter, read the opinion which he had prepared in the case of Edmonds v. Green, but which was not then delivered. It was as follows:
Edmonds v. Green.
Judge Coalter:
The writ issued the 18th of February, 1818, returnable to April Superior Court. It was executed, and bail bond given; William Edmonds, jun’r., the security. At April Superior Court, the entry is, that the plaintiff came by his attorney, and that William Edmonds of this county, (not designated as William Edmonds, jun’r.,) enters special bail, &,c. Now, whether he was senior or junior, or whether both lived in .that county, does not appear; so that whether the appearance bail entered special bail, or not, we do not know.
At rules in April, the cause was continued for a declaration. At rules in May, declaration was filed, and a common order entered against the defendants, and William Edmonds, juu’r., appearance bail, they having failed to appear and give special bail. At June rules, the defendants, still failing to appear, they are ruled to appear and plead. At July rules, the defendants still failing to appear, the common order against them and their appearance bail confirmed; and this not being sot aside at September *162 Court,-judgment is entered as at that term, that the judgmenf- jn the office be confirmed, and that the plaintiff recover against the defendants, and William Edmonds, jun’r-j their appearance bail, the debt, &cJ
All these rules, Sic. are said to be taken on motion of the plaintiff’s attorney; from which it would seem, that not only the clerk, but the plaintiff’s attorney, knew that special bail was given. But they seem to have been of opinion, that unless there was an appearance and plea, or* at least an appearance, judgment might be entered by nil dicit, not only against the defendants, but the appearance bail. But in this I have no doubt they were wrong. They had no more right in this case to take judgment against him, than against the sheriff for want of a plea, when no bail was required. Giving special bail entitled the defendants to plead, and is in law, as I understand, a legal appearance. The first rule, on filing the declaration, ought to have been to require a plea of the defendants* which they might have put in, either in person or by attorney; and on failure, a judgment by nil dicit at the next rules, and on further failure, that judgment would be confirmed.
This is the course, which the clerk, as judge of the rules,. should have pursued. Here there was a clerical error, and which the appearance bail, had he known of it, might have had corrected, as to himself, at the next term, and the defendants might have set the whole office judgment aside and pleaded to issue. Neither was done. But when the appearance bail found that judgment and execution were rendered against him, he would probably have moved the Court to correct this clerical error, and quash the execution and bond, at least as to himself; and possibly they would have been quashed as to all, as the surety in the bond, perhaps, would not have become surety, unless the appearance bail was bound to him as principal. This he fails to do. Nay, further, he confesses judgment on the bond.
.Under all these circumstances, how is this clerical error now to be corrected ?
*163 Had the error simply been in the execution, this doubtless wouhl have been released by confessing judgment on the bond. But the execution is regular, and the error, though a clerical one, is in the judgment itself. Could the Court below have amended this after judgment on the bond, whether that was by confession or not, and as a consequence, have set aside that judgment in whole, or as to tho appearance bail only ? If that Court could have corrected the original judgment, but could not have disturbed that on the bond, especially when that judgment was confessed, can we do it? If we correct the error in the original judgment, will that on the delivery bond he also reversed? Suppose that had not been by confession, but had been appealed from and affirmed here, the original judgment being no part of the record, and not brought here either by appeal or supersedeas, but had afterwards been brought here by supersedeas, could we have reversed the judgment on the bond, or have awarded a writ of restitution, had the money been paid under it? And would we award such writ, unless it appeared to have been paid by the appearance bail ? And in that case, how would the plaintiff proceed to get his money from the defendants, the execution on tho delivery bond being returned satisfied ? If we could not touch the judgment on the delivery bond after an affirmance here, and if the confession of judgment is equal to an affirmance here, can we effect it in this case?
Does it result then, that where a party does not seek to reverse a judgment until after an award of execution on the delivery bond is affirmed here, and is of course beyond further appeal, or until after errors in such last judgment are released, and it is thus beyond the power of any Court, that the original judgment must stand, though erroneous, it being now beyond the power of any Court to place the parties where they would have stood, had relief against the original judgment been asked for in time; especially when there is no error, of which the original defendants can avail themselves, so as to demand a writ of restitution of the money paid under the execution, of which. *164 the delivery bond and proceedings thereon, are, perhaps, to be considered as forming a part?
In the case of Cooke v. Pope’s adm’r., 3 Munf. 167, the defendant agreed the damages. This was held to be eqUai to a confession of judgment, and to cure any error in the declaration, if any existed, and the case went off on that point.
By the act, a judgment on confession, is equal to a release of errors. The delivery bond and judgment on it are part of the proceedings in the original suit; insomuch that if there is previous error, but none in the bond or proceedings on it, they will fall as a matter of course, if the first judgment is reversed. How then, can there be a release touching this part of the suit or proceedings, unless it extends to every thing whereon these proceedings are founded ?
Had the party filed a special release in writing, extending only to the proceedings on the delivery bond, it might be worthy of enquiry as to the effect of such special release. But can the act of Assembly be construed to extend the release only to a part of the proceedings ? It seems to have been otherwise interpreted in the case of an agreement of the damages above referred to.
We cannot know what was the consideration given for this release. Suppose there had been a general release in writing of all manner of errors, misprisions, &c., and that founded in fact on consideration of a stay of execution, or some other valuable consideration, and that errors existed in the original proceedings, by which, if not released, the party might reverse and annul the judgment on the delivery bond. Ought not such general release to be construed as extending to these errors thus attempted to be laid hold of, in order to defeat the very judgment on the delivery bond, concerning which all errors, Sic. were released? I should suppose so. Can we then construe the act as meaning less than such general release ? If we do, a party knowing, as in this case, that there was no error *165 as to the bond and proceedings on it, might thus gain time or othervaluable consideration, and afterwards do indirectly what he could not do directly.